UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN, BX3065,<br><br>Plaintiff,<br><br>v.<br><br>PELICAN BAY STATE PRISON,<br><br>Defendant(s). | Case No. 25-cv-10964-CRB  (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF Nos. 2 & 5) |

**I.**

On August 28, 2025, plaintiff, a prisoner at Pelican Bay state Prison (PBSP) and frequent litigant in federal court, filed a pro se complaint under 42 U.S.C. § 1983 alleging that on June 25, 2025, while PBSP correctional officers were escorting him to San Joaquin General Hospital for the removal of a lipoma from his left forearm, he fell exiting the prison transportation van and sustained serious injuries because the chain on his foot shackles got stuck on a defective stripping on the floor of the van.  See Kern v. Pelican Bay Transportation Officer, No. 25-cv-07288-CRB, ECF No. 1 (Compl.) at 3.

On November 14, 2025, the court screened the complaint and dismissed it under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  Id., ECF No. 3 (Order) at 2.  The court explained that the allegations amounted to no more than a claim for negligence or gross negligence not actionable under § 1983 in the prison context and that plaintiff's suggestion that prison officials should have performed a better inspection of the van and that the escorting officers should have helped him out of the van illustrate that his claims sound in classic negligence or gross negligence, not deliberate indifference in violation of the Eighth Amendment.  Id.  "A claim for negligence or gross negligence must be pursued in state court."  Id.

On December 1, 2025, plaintiff filed another pro se action under § 1983 alleging that he sustained serious injuries from falling exiting a prison transportation van on June 24, 2025. But plaintiff filed the second action in the Eastern District of California and now suggests that PBSP staff must have known that the vehicle was defective because they "had inspected [it] the same day." ECF No. 1 (Compl.) at 3. On December 11, 2025, the Eastern District transferred the case to this court. ECF No. 6 (Order) at 2.

## II.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. Cf. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)) (duplicative in forma pauperis complaint may be considered abusive and dismissed under 28 U.S.C. § 1915). Because plaintiff raised and litigated the same allegations and claims raised herein in Kern v. Pelican Bay Transportation Officer, No. 25-cv-07288-CRB, the instant complaint is deemed duplicative and abusive under § 1915A. That plaintiff adds PBSP as an additional defendant in this later-filed action does not compel a different result. See Bailey, 846 F.2d at 1021 (complaint repeating same allegations asserted in earlier case, even if now filed against new defendants, is subject to dismissal as duplicative). Nor does plaintiff's suggestion that PBSP staff must have known that the vehicle was defective compel a different conclusion. Mere speculation is not enough to state a plausible claim under § 1983 that defendants knew of and disregarded an excessive risk to inmate health or safety in violation of the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

/

III.

For the foregoing reasons, the complaint is DISMISSED as duplicative, and for failure to state a claim upon which relief may be granted, under the authority of 28 U.S.C. § 1915A(b).

But based solely on plaintiff's affidavit of poverty (ECF Nos. 2 & 5), his request for leave to proceed in forma pauperis (IFP) is granted.

The clerk is instructed to close the case and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: January 6, 2026

_____
CHARLES R. BREYER
United States District Judge